**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Munoz, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| The Jakoby Law Firm, P.C. d/b/a Lukehart | ) |
| & Associates, P.C., | ) |
| | ) |
| | ) |
| Defendant. | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4.  Plaintiff, Juan Munoz ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Phoenix.

5.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.  Defendant, The Jakoby Law Firm, P.C. d/b/a Lukehart & Associates, P.C. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.  Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.  Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.  Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10.  Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly

collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11. In connection with collection of an alleged debt in default, Defendant called Plaintiff's cellular telephone on August 12, 2011, and at such time, demanded Plaintiff pay an alleged debt of $919.12.

12. In response, Plaintiff stated that he believed he might owe $250.00 and that he disputed any balance in excess of such amount. Further, Plaintiff stated that he was willing to settle the alleged debt for $250.00 made in separate payments.

13. Defendant, via its agent and/or employee "Marcus Ortiz," told Plaintiff that Defendant did not care what Plaintiff felt he owed.

14. Defendant next claimed to have proof that Plaintiff owed $919.12 and stated that a judge would order Plaintiff to pay the balance in full if Defendant took the bill in front a judge.

15. Defendant then condescendingly asked if Plaintiff ever watched "Judge Judy" and stated that Defendant had to send Plaintiff's file to the attorney.

16. Defendant also stated that Plaintiff broke the law by not paying the full $919.12 alleged by Defendant.

17. Plaintiff told Defendant he was willing to settle the alleged debt for $250.00, otherwise Plaintiff would wait until the statute of limitations to collect the debt expired. In response, Defendant told Plaintiff that there was no statute of limitations on Plaintiff's debt.

Complaint - 3

18. Eventually, Plaintiff asked to speak to Mr. Ortiz's supervisor. Plaintiff was transferred to Defendant's agent and/or employee "Dale Quintana," who immediately demanded that Plaintiff pay the balance in full.

19. After said conversation ended, Plaintiff experienced a migraine headache, his blood pressure rose, and he asked his supervisor to leave work as Plaintiff's conversation with Mr. Ortiz and Mr. Quintana brought Plaintiff to tears and made him feel like a dead beat.

20. Later that day, Plaintiff called and spoke to Mr. Ortiz, and at such time, asked for Defendant's website to make sure Defendant was a legitimate company.

21. Defendant provided Plaintiff the website for the Colorado Supreme Court, which instilled a sense of fear in Plaintiff.

22. Defendant then sent Plaintiff initial written communication dated August 15, 2011 on attorney letterhead.

23. The attorney letterhead would lead a Least Sophisticated Consumer to believe that the letter is indeed from an attorney licensed to practice in his jurisdiction.

24. Upon information and good-faith belief, Defendant does not employ any attorneys licensed to practice law in Arizona, as no attorney belonging to Defendant's firm is listed in the membership directory of the State Bar of Arizona.

25. Further, Defendant's August 15, 2011 letter failed to state that Defendant is not licensed to practice law in the state of Arizona.

26. As such, Defendant's letter was designed to mislead Plaintiff to believe that Defendant had the ability to file suit against Plaintiff, a means to coerce Plaintiff to make

payment to Defendant for fear of such impending suit, where Defendant did not possess such ability.

27. As a result of Defendant's harassing and abusive efforts to collect the outstanding debt alleged due, Plaintiff suffered a migraine headache, elevated blood pressure, personal humiliation, embarrassment, mental anguish, and emotional distress.

28. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I

29. Plaintiff repeats and re-alleges each and every allegation contained above.

30. Defendant violated 15 U.S.C § 1692e(1) by telling Plaintiff to google "Colorado Supreme Court," and as such, Defendant falsely representing to Plaintiff that Defendant is vouched for, bonded by, or affiliated with the United States or any State.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

31. Plaintiff repeats and re-alleges each and every allegation contained above.

32. Defendant violated 15 U.S.C. § 1692e(7) by falsely representing or implying that Plaintiff had committed a crime or other conduct, in order to disgrace Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated the FDCPA;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

33. Plaintiff repeats and re-alleges each and every allegation contained above.

34. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

35. Plaintiff repeats and re-alleges each and every allegation contained above.

36. Defendant violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required by 15 U.S.C. § 1692g(a) during the thirty-day dispute period, including threatening to take immediate action against Plaintiff and disclaiming the validity of the disclosures in the same conversation.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 9th day of November, 2011

> By: s/ Marshall Meyers
> Marshall Meyers (020584)
> WEISBERG & MEYERS, LLC
> 5025 North Central Ave., #602
> Phoenix, AZ 85012
> 602 445 9819
> 866 565 1327 facsimile
> mmeyers@AttorneysForConsumers.com
> Attorney for Plaintiff